# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| JERRY MEEKS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3: 06cv0349AS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

## *MEMORANDUM, OPINION AND ORDER*

On or about June 2, 2006, *pro se* petitioner, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 27, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding. The sanction for the same was an earned credit deprivation of 60 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).

The disciplinary proceeding occurred in or around April 2006, and the case number was ISP 06-04-0136. The infraction was described as "horseplay," which is defined in the

Adult Disciplinary Procedures (ADP) manual.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

A careful review of the record here fails to demonstrate that this petitioner has sustained his burden to establish a basis for relief under 28 U.S.C. §2254, and such is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  January 5, 2007


                                           **S/ ALLEN SHARP**
_____ **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**